# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

PONCIANO TORRES, )
                                      )
           **Petitioner,** )
                                      )
**v.** )     **Case No. CIV-10-72-R**
                                      )
**H. A. LEDEZMA,** )
                                      )
           **Respondent.** )

## ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Doyle W. Argo entered February 19, 2010 [Doc. No. 6] and Petitioner's Objection to the Report and Recommendation filed May 19, 2010 [Doc. No. 11]. The Court's prior Order and Judgment herein [Doc. Nos. 7 & 8] are VACATED. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews *de novo* the Report and Recommendation in light of Petitioner's Objection.

Petitioner first objects to the Court's referral of his petition to the Magistrate Judge for preliminary review because, he states, he gave notice of his non-consent to that procedure. In "Petitioner's Advisory to the Clerk of the Court" attached to his petition, Petitioner purported to waive consent to proceed before a Magistrate Judge pursuant to 28 U.S.C. 28 U.S.C. § 636. However, referral under 28 U.S.C. § 28 U.S.C. § 636(b)(1)(B) does not require Petitioner's consent. Post-trial applications of persons convicted of criminal offenses, including petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2241, are routinely referred to Magistrate Judges for entry of proposed findings of fact and

recommendations in this district. Petitioner is not prejudiced by such a referral because the Court reviews *de novo* portions of the Report and Recommendation to which objection is made.

Petitioner asserts that the Bureau of Prisons ("BOP") is still abusing its discretion by precluding prisoners like Petitioner from a reduction of their sentences under 18 U.S.C. § 3621(e)(2)(B) even though such prisoners were not convicted of violent offenses. Petitioner asserts that 28 C.F.R. § 550.055 is arbitrary and capricious because the BOP continues to fail to provide a sufficient rationale to exclude from early release "those who do not provide sufficient criteria in their PSI's." Objection at p. 4. He asserts that "[a]bsent *mens rea* the BOP cannot preclude Petitioner from early release upon successfully completing the Residential Drug Abuse Program" because only a jury can find beyond a reasonable doubt that Petitioner's crime was a crime of violence after the count of the Indictment charging Petitioner with violating 18 U.S.C. § 924(c)(3) was dismissed.

The Court agrees with the analysis and conclusion of the Magistrate Judge. *See* Report and Recommendation at pp. 15-18. As the Tenth Circuit stated in *Martin v. Rios*, 472 F.3d 1206, 1207 (10th Cir. 2007), the [*Lopez*][1] Court reasoned that the BOP's denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another life."(internal quotation omitted). The Supreme Court in *Lopez* did not indicate that the BOP

---

[1]*Lopez v. Davis*, 531 U.S. 230, 240, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001).

could exclude from early release only those <u>convicted</u> of using or carrying a firearm during or in relation to a drug trafficking crime or possessing a firearm in furtherance of such a crime or, conversely, that those who merely possessed a firearm in connection with their conviction offense could not be excluded from early release. Nor did the Supreme Court indicate that the BOP's rationale would not support exclusion from early release prisoners like Petitioner who "possessed a firearm in connection with their current offense." *Id.*

Petitioner also suggests that the BOP's decision to exclude persons like him from early release is discriminatory. However, the same public safety rationale supports exclusion from early release those who possessed a firearm in connection with their conviction offense as supports exclusion from early release those convicted of violent offenses because the former have demonstrated their potential or readiness to resort to life threatening violence.

In his Objection, Petitioner also asserts that the BOP could maintain uniformity through a rule that makes prisoners who are recommended for the RDAP by their sentencing judges and who are convicted of nonviolent offenses but who possessed firearms in connection therewith to be eligible for early release. The Court disagrees. Merely because a sentencing judge recommended that a convicted felon be in a drug treatment program should not distinguish him or her from other prisoners convicted of the same offense or type of offense whose sentencing judges did not make such specific recommendations. In any event, it is the BOP's province to promulgate rules and regulations implementing 18 U.S.C. § 3621(e)(2)(B).

Finally, Petitioner's assertions that he has a due process liberty interest to not be imprisoned for an unreasonable period of time and that 28 U.S.C. § 550.55 is arbitrary and capricious are unavailing. The regulation is reasonable in that "there is a significant potential for violence from criminals who possess firearms," *Cushenberry v. Federal Medical Center*, 530 F.Supp.2d 908, 913 (E.D. Ky. 2008); *see also Gatewood v. Outlaw*, 560 F.3d 843, 847-48 (8th Cir. 2009), *cert. denied*, 130 S.Ct. 490 (2009)(rule is "substantively reasonable") and thus Petitioner's ineligibility for early release under Section 3621(e)(2)(B) does not render his imprisonment pursuant to his imposed sentence "imprisonment for an unreasonable length of time."

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety and the petition of Ponciano Torres for a write of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED.

IT IS SO ORDERED this 20th day of May, 2010.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE